UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    v.<br>EDUARDO RAMIREZ-FLORES,<br>    Defendant. | Case No. CR 13-678-001 PJH<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE**<br><br>Re: Dkt. No. 61 |

Before the court is the pro se motion of defendant Eduardo Ramirez-Flores to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 782 to the United States Sentencing Guidelines Manual, effective November 1, 2014. Doc. no. 61. The court earlier granted Ramirez-Flores' request for appointment of counsel to assist in seeking a sentence reduction, and reappointed the CJA Panel Attorney. Doc. no. 62.

On February 4, 2015, the Probation Department filed a Sentence Reduction Investigation Report, which concluded that Ramirez-Flores is not eligible for a reduction in sentence because the two-level reduction in his base offense level was considered in the determination of his original sentence. Doc. no. 63. At the time of sentencing, the parties anticipated the reduction to the Drug Quantity Table pursuant to Amendment 782, and agreed to a variance which took the reduction into consideration, as stated in the government's sentencing memorandum:

> Between the time that RAMIREZ-FLORES pleaded and the time the Court will sentence him, the Sentencing Commission approved changes to the Guidelines applicable to drug offenses like the one to which he pleaded guilty. Under the current Guidelines, RAMIREZ-FLORES's Base Offense Level

> is 28.  U.S.S.G. § 2D1.1(c)(6).  Under the proposed revisions to the Guidelines, his Base Offense Level would be 26.  *Id.* § 2D1.1(c)(7) (Nov. 2014 rev.).  Though those changes have not yet taken effect – they will take effect on November 14, 2014 unless Congress acts to the contrary – the government will give RAMIREZ-FLORES the benefit of that reduction now.  Accordingly, the parties have agreed to a two-level variance to account for the expected change.  The government asks that the Court accept this variance and incorporate it into the Court's calculations.

Doc. no. 54 at 3-4.  This agreement to include the two-level Guideline variance is also reflected in the plea agreement, which states that Ramirez-Flores acknowledges that he is "already receiving the benefit of any such modification" and agrees not to "seek any further reduction in my sentence based on the proposed two-level decrease in the Guidelines."  Doc. no. 41 ¶ 8.  At the time of sentencing, the court accepted the parties' agreement to a two-level reduction of the base offense level under the proposed revisions to the Guidelines.  Ramirez-Flores is not, therefore, entitled to a further sentence reduction pursuant to Amendment 782.

Probation represents that the government agrees that Ramirez-Flores is not entitled to a reduction.  Reappointed defense counsel has filed a statement of non-intervention stating that she has reviewed the pro se motion filed by Ramirez-Flores and has nothing to add to it, and that she will not seek appointment and will not seek to intervene.  Doc. no. 64.

Having determined that Ramirez-Flores has already received the benefit of the two-level reduction in offense level under Amendment 782, the court DENIES the motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2).

**IT IS SO ORDERED.**

Dated:  February 27, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge